**William FORRESTER, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 17, 1989.

Charles W. Burson, State Atty. Gen. and Reporter, Bettye Springfield–Carter, Asst. State Atty. Gen., Nashville, Charles E. Hawk, Dist. Atty. Gen., Kingston, D. Roger Delp, Asst. Dist. Atty. Gen., Loudon, for appellee.

Billy H. Leffew, Rockwood, for appellant.

## OPINION

BYERS, Judge.

This is another in the multitude of post-conviction cases which raises the issue of what rights a trial court must advise an accused before accepting a guilty plea.

An accused's rights are found within the United States Constitution and the Constitution of the State of Tennessee, when the case is within this state.

The Fifth Amendment to the United States Constitution provides, among other things:

> ... nor shall he be compelled in any criminal case to be a witness against himself.

The Sixth Amendment to the United States Constitution provides:

> Rights of the accused.—In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

Article 1, Section 9 of the Constitution of Tennessee provides:

> Right of the accused in criminal prosecutions.—That in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and in prosecutions by indictment or presentment, a speedy public trial, by an impartial jury of the County in which the crime shall have been committed, and shall not

be compelled to give evidence against himself.

In this case the appellant, on April 2, 1986, in Roane County, entered a plea of guilty to petit larceny, for which he was sentenced to serve one year, which was ordered to run consecutively to a sentence of three years, which had been imposed upon him in Morgan County. On August 14, 1988, the appellant entered a plea of guilty, in Roane County, to attempting to commit a felony, for which he was sentenced to serve three years as a Range II persistent offender. Additionally, the appellant entered a plea of guilty to a charge of malicious mischief for which he was sentenced to serve six months.

The cases under attack in this petition are the petit larceny conviction and the conviction for attempting to commit a felony.

The appellant alleged he did not knowingly, understandingly, and voluntarily enter pleas of guilty because the trial court did not advise him of:

(1) The right against self-incrimination.

(2) The maximum and minimum sentence that appellant could receive.

(3) The right to a jury trial.

(4) That appellant's guilty plea could later be used against him at a subsequent trial to enhance his punishment.

(5) The right to confront his accusers.

(6) The right to obtain witnesses in his behalf.

The appellant avers he would not have entered pleas of guilty had he been made aware of these matters.

The record shows the trial judge addressed the appellant at the time of the guilty pleas and advised him of the following constitutional rights:

(1) The right to trial by jury.

(2) The right to confront witnesses who would testify against him.

(3) The right against being compelled to give evidence against himself.

It appears to us that the resolution to this case is controlled by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977); *Rounsaville v. Evatt*, 733 S.W.2d 506 (Tenn.1987); *State v. McClintock*, 732 S.W.2d 268 (Tenn.1987); *State v. Newsome*, 778 S.W.2d 34 (Tenn. 1989); *Housler v. State*, 749 S.W.2d 758 (Tenn.Cr.App.1988); perhaps, *State v. Samuel Lewis Watson*, 1989 WL 3183 (Court of Criminal Appeals, Knoxville, Jan. 19, 1989); Chapter 30 of T.C.A., the Post–Conviction Procedure Act; and more particularly, T.C.A. § 40–30–105, which is as follows:

Relief under this chapter shall be granted when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the constitution of this state or the Constitution of the United States, including a right that was not recognized as existing at the time of the trial if either constitution requires retrospective application of that right.

■ By reason of this statute, the appellant's complaint of the failure of the trial judge to advise him of the maximum and minimum sentence for the offenses and the failure to advise him the conviction could be used in a subsequent trial cannot be litigated in a post-conviction proceeding because they are not grounded in any constitutional right, Federal or State. *See Housler.*

■ This leaves only the allegation of the failure of the trial judge to advise the appellant of the following rights:

(1) The right against self-incrimination.

(2) The right to trial by jury.

(3) The right to confront the witnesses who would testify against him.

(4) The right to compulsory process to obtain witnesses in his favor.

As heretofore set out, the record clearly shows the trial judge advised the appellant on numbers (1), (2), and (3) above enumerated. It is equally clear the trial judge did not advise the appellant, at the time of the guilty pleas, of the right to compulsory process for witnesses favorable to him. The trial judge held, erroneously, this was not a constitutional right and thus not cognizable in a post-conviction procedure.

The question before us now becomes, whether this failure entitles the appellant to have these convictions set aside.

In *Boykin,* the United States Supreme Court held the record must show a guilty plea is knowingly and voluntarily entered, because such plea is a conviction and the attendant constitutional rights an accused has in a criminal prosecution are thereby waived. The Court held a waiver of these rights must be shown by the record or there must be an allegation and proof that the plea was knowingly and voluntarily entered after a waiver of the constitutional rights. In *Boykin,* the Court held the constitutional right against self-incrimination, the right to trial by jury, and the right to confront one's accusers are implicated in a guilty plea. The Court did not speak of the right to compulsory process for the production of favorable witnesses for the accused.

The record before us shows the trial judge affirmatively advised the appellant of the rights discussed in *Boykin,* and the record of the guilty pleas satisfies us the appellant knowingly and understandingly waived these rights prior to the entry of the guilty pleas.

Remaining to be determined is whether this record shows a knowing and understanding waiver of the right to compulsory process for witnesses favorable to him, and if not, whether the appellant is entitled to relief under the *Boykin* case.

We are of the opinion the appellant did not knowingly or voluntarily waive this right, primarily because there is no showing he was aware of this right or, more importantly, because the record shows no relinquishment of this right either by evidence or by any written waiver thereof.

We do not construe *Boykin,* however, as mandating an automatic setting aside of a guilty plea for failure of the record to show an explicit knowing and voluntary waiver of a constitutional right if the record as a whole, including the documents therein and the evidence thereon, shows overall that the plea was knowingly and voluntarily entered, despite the failure to advise an accused of some particular right. From the entire colloquy between the trial judge and the appellant, we are satisfied the appellant voluntarily entered his pleas of guilty, and the mandates of *Boykin* have been satisfied. Further, at the hearing in the post-conviction proceeding, the appellant neither asserted nor proved there were available to him witnesses who would give favorable evidence on his behalf for whom compulsory process for attendance could be directed. Failing this, we find the failure to advise him of this right did not prejudice the appellant and therefore entitles him to no relief under *Boykin* or similar cases. *Cf. Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In *Mackey,* a case which went to the Supreme Court by way of a Rule 3 appeal to this Court and a grant of review under Rule 11 of the Tennessee Rules of Appellate Procedure rather than by a post-conviction proceeding, our Supreme Court adhered to the *Boykin* rules and expanded the duties of a trial judge in accepting guilty pleas. In addition to the three constitutional rights set out in *Boykin, Mackey* requires the trial judge to advise an accused of, and determine if he understands, and waives, a panoply of rights which are not constitutional in scope.

As we have pointed out, in *Mackey* the case came to the Supreme Court by way of direct appeal under the T.R.A.P. rather than by way of an appeal from a post-conviction proceeding. The Court in *Mackey* was not, therefore, functioning under the stricture of T.C.A. § 40–30–105 which limits the scope of examination in post-conviction proceedings to matters involving constitutional rights. In the case before us, we are; and we are therefore constrained by legislative action to go no further than the perimeters set out in this Act. Accordingly, we have confined ourselves to consideration of the allegations of constitutional violations of the appellant.

*Mackey,* like *Boykin,* makes no mention of the constitutional right to compulsory process for witnesses favorable to an accused. Nevertheless, *Mackey,* like *Boykin,* expresses the view that the basic question is whether one can say the record or evidence shows the pleas were knowingly en-

tered. We are satisfied that in the *Mackey* context, restricted by the nature of the proceeding to constitutional issues, the pleas were voluntarily and knowingly entered. Even if they were not knowing, we are satisfied *Strickland* is equally applicable in the *Mackey* context as it is in the *Boykin* context, and find, by reason of the *Strickland* rule, the appellant would be entitled to no relief.

There followed after *Mackey, Rounsaville,* which was an appeal from a post-conviction proceeding. In *Rounsaville,* the Supreme Court declared an expectation of strict compliance with *Mackey.* The issue in *Rounsaville* was, however, a matter of constitutional dimension and, as said in *Newsome,* added no new constitutional dimensions to the *Mackey* decision. In *McClintock,* the Supreme Court, in what has been characterized as dictum (*see State v. Samuel Lewis Watson*), added the requirement that the court accepting a guilty plea must advise an appellant of the future consequences of the plea if he commits subsequent crimes. This matter came to the Supreme Court by way of direct appeal and the added requirement mentioned therein is not of constitutional dimension. *McClintock* is not therefore applicable to this post-conviction proceeding which must be confined to constitutional issues as mandated by T.C.A. § 40–30–105.

We conclude as we have heretofore said and for the reasons therein stated that this appellant is entitled to no relief.

DUNCAN, P.J., and WADE, J., concur.