Kenneth TEAGUE, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee,
at Knoxville.

Jan. 25, 1990.

Permission to Appeal Denied by
Supreme Court May 14, 1990.

Eugene B. Dixon, Maryville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, C. Anthony Daughtrey, Asst. Atty. Gen., Nashville, David G. Ballard, Dist. Atty. Gen., Steven R. Hawkins, Asst. Dist. Atty. Gen., Maryville, for appellee.

OPINION

JONES, Judge.

This is an appeal as of right from a judgment of the trial court denying post-conviction relief.

On February 13, 1984, the appellant entered pleas of guilty to two (2) counts of delivery of marijuana. Pursuant to a plea bargain agreement, the trial court sentenced the appellant to a term of one year in the Department of Correction as to each count.

The appellant filed a Petition for Writ of Habeas Corpus with the clerk of the trial court on August 30, 1988. Counsel appointed to represent the appellant prepared and filed petitions for post-conviction relief with the clerk of the trial court on October 26, 1988, and March 7, 1989. All of these pleadings attacked the constitutionality of the two guilty pleas on the ground that the trial court failed to comply with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977).

The trial court granted the appellant an evidentiary hearing on the merits of his petition. An order was subsequently entered by the trial court dismissing the appellant's amended petition for post-conviction relief.

In this Court the appellant raises a single issue, namely, whether the trial court erred in dismissing his petition for post-conviction relief. The appellant argues that his pleas of guilty are constitutionally infirm because the trial judge accepting the pleas failed to advise him that (a) he might receive additional punishment as a result of prior convictions, (b) he might be asked questions about the offense and his answers used against him in a prosecution for perjury, (c) evidence of prior convictions might be presented at a sentencing hearing to determine punishment, and (d) the convictions could be used to enhance his punishment for subsequent offenses. The appellant admits, and the record reflects, that

the trial judge accepting the pleas advised the appellant of "the charges against him, the minimum and maximum penalties, the right to plead not guilty, the right to counsel and trial by jury, the right not to incriminate himself, and the right to confront witnesses."

In *Boykin v. Alabama,* supra, the United States Supreme Court, noting that several constitutional rights are waived when an accused enters a plea of guilty, held that the record of a sentencing hearing must reflect that the court explained and the accused understood and voluntarily waived his right to trial by jury, his right to confront his accusers, and the privilege against self-incrimination before it can be judicially determined that the accused voluntarily, understandingly, and intelligently entered the guilty plea. The transcript reveals and the appellant admits that the trial judge accepting the appellant's pleas of guilty explained to the appellant the constitutional rights mandated by *Boykin;* and the appellant acknowledged that he understood these rights.

The grounds raised by the appellant for setting aside his convictions, namely, the failure to advise the accused that additional punishment might be imposed as a result of prior convictions, questions about the offense and answers given to those questions could be used in a prosecution for perjury against the accused, evidence of prior convictions might be presented at a sentencing hearing to determine punishment, and the convictions could be used to enhance his punishment for subsequent offenses, are not cognizable in a post-conviction proceeding because they are not constitutionally mandated. Tenn.Code Ann. § 40–30–105; *Teague v. State,* 772 S.W.2d 932, 944 (Tenn.Crim.App.1988); *Housler v. State,* 749 S.W.2d 758 (Tenn.Crim.App. 1988). The appellant's reliance upon *State v. McClintock,* 732 S.W.2d 268 (Tenn.1987), and *Rounsaville v. Evatt,* 733 S.W.2d 506 (Tenn.1987), are misplaced. As our Supreme Court said in the case of *State v. Newsome,* 778 S.W.2d 34, 38 (Tenn.1989): "We have addressed the constitutional issue in many cases and at the risk of appearing repetitious we reiterate that neither *Rounsaville* nor *McClintock,* supra, recognized any new constitutional right but merely restated and reemphasized requirements of preexisting state law. Any interpretation of either of these cases to the contrary is erroneous and not to be considered as a precedent."

The judgment of the trial court is affirmed.

DWYER and REID, JJ., concur.