IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## LAWRENCE STRICKLAND, v. STATE OF TENNESSEE,

**Post Conviction Appeal from the Criminal Court for Roane County**
**No. 11581     E. Eugene Eblen, Judge**

---

**No. E1999-00119-CCA-R3-CD - Decided April 12, 2000**

---

The petitioner is presently serving a twelve (12) year sentence imposed following his 1997 guilty plea to aggravated sexual battery. In 1998, he filed a petition for post-conviction relief alleging, *inter alia*, that his guilty plea was involuntary because he was not fully advised of his rights prior to entering a plea of guilty. At the hearing on the petition, the petitioner also claimed that his guilty plea was unknowing and involuntary because he was under the influence of mind-altering medications when he entered his plea. After an evidentiary hearing, the trial court denied the petition. On appeal, the petitioner presents two (2) issues for this Court's review: (1) whether he is entitled to a new hearing as a result of an inadequate transcript of the post-conviction hearing; and (2) whether his guilty plea was knowingly and voluntarily entered. After a thorough review of the record before this Court, we conclude that a new evidentiary hearing is not required and that the record amply supports the trial court's judgment that the petitioner knowingly and voluntarily entered his guilty plea. The judgment of the trial court is therefore affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court of Roane County is Affirmed.**

SMITH, J., delivered the opinion of the court, in which TIPTON, J., and WELLES, J., joined.

Kenneth F. Irvine, Jr., Eldridge & Irving, PLLC, Knoxville, Tennessee, for the appellant, Lawrence Strickland.

Paul G. Summers, Attorney General and Reporter, and Kim R. Helper, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

In early 1981, the petitioner had unlawful sexual contact with his daughter, who was less than thirteen (13) years of age at the time. This sexual contact resulted in the petitioner's daughter becoming pregnant. The victim did not reveal the father of her child until 1996, when she sought the financial assistance of child welfare agencies. A paternity test indicated that, to a 99.98%

certainty, the petitioner is the father of his daughter's child.

The Roane County grand jury indicted the petitioner in 1996 on two (2) counts of aggravated rape.[1] On December 2, 1997, the petitioner entered a plea of guilty to one (1) count of aggravated sexual battery and received a sentence of twelve (12) years.[2]

At the post-conviction hearing, the petitioner testified that he was under the influence of pain medication at the time he pled guilty. He explained that he had been hospitalized the previous day and was in need of surgery for his poor health. He testified that he was not thinking clearly and did not understand the consequences of his actions. He insisted that he had no intentions of pleading guilty prior to the day his plea was entered and would not have pled guilty had he not been under the influence of medication. Although he acknowledged that he signed the waiver of jury trial form, he stated that he did not understand what he was signing. In addition, he could not recall the trial court advising him of his rights during the guilty plea hearing.

The petitioner's wife also testified at the post-conviction hearing. She confirmed that the petitioner had been hospitalized the day prior to his entering a guilty plea. Although she could not specify which medications her husband was taking, she stated that the petitioner was under the influence of medications at the time he entered a plea. She believed that, as a result of his medication, her husband was not aware of his surroundings during the plea.

The petitioner's trial attorney, Randy Rogers, testified that he represented the petitioner in the paternity suit, as well as in the criminal proceedings. He negotiated a plea offer with the state, and when he discussed this offer with the petitioner, the petitioner initially rejected it. However, the parties eventually set a date for the entry of a guilty plea on December 2. Rogers testified that he informed the petitioner that his guilty plea was set for that date, and according to Rogers, the petitioner was aware that his presence in court on December 2 was for the purpose of entering a guilty plea.

Rogers stated that, although the petitioner told him that he had been having medical problems, the petitioner informed him that he knew what he was doing. Rogers testified that he carefully read the waiver of jury trial form to the petitioner, making certain that the petitioner understood the implications of his waiver. Additionally, Rogers inquired whether the petitioner had consumed medications which would cause him to be disoriented. Rogers stated that, "I did not feel one bit that he would not understand what he was doing." Rogers maintained that he would have attempted to reschedule the plea hearing if he had believed that the petitioner was under the influence.

At the conclusion of the proof, the trial court denied post-conviction relief and subsequently filed a written order making findings of fact and conclusions of law. From its own recollection of the guilty plea proceedings on December 2, the court noted that it "did not notice any inability of

---

[1] At the time this offense was committed, aggravated rape was a Class X felony. Tenn. Code Ann. § 39-3703 (Supp. 1980). Under the statutory scheme as it existed, a person could be prosecuted for this offense "at any time after the offense shall have been committed." Tenn. Code Ann. § 40-201 (1975). Thus, the prosecution of this offense was not barred by the statute of limitations.

[2] The parties agreed that the petitioner would be sentenced under the sentencing guidelines in effect at the time of the guilty plea proceedings.

petitioner to understand the circumstances or the nature and consequences of the entry of this guilty plea." After reviewing the transcript of the guilty plea hearing, the trial court concluded that the petitioner knowingly, intelligently and voluntarily entered a plea of guilty. Thus, the trial court denied relief. From this order, the petitioner now brings this appeal.

## POST-CONVICTION STANDARD OF REVIEW

In post-conviction proceedings, the petitioner has the burden of proving his claims by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). Moreover, the trial court's findings of fact are conclusive on appeal unless the evidence preponderates against the judgment. Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); Campbell v. State, 904 S.W.2d 594, 595-96 (Tenn. 1995); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993).

## NEW EVIDENTIARY HEARING

In his first issue, the petitioner argues that he is entitled to a new evidentiary hearing as a result of an inadequate transcript of the post-conviction hearing. He asserts that there are numerous instances in the transcript where, due to malfunctioning equipment, the court reporter notes that the testimony is "indiscernible." He, therefore, maintains that due process mandates that he receive another evidentiary hearing because the record is incomplete.

It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what transpired with respect to the issues forming the basis of the appeal. Tenn. R. App. P. 24(b). As the state correctly points out, if the petitioner was unsatisfied with the transcript from the hearing, he could have prepared a statement of the evidence pursuant to Tenn. R. App. P. 24(c). Rule 24(c) provides, in pertinent part, "[i]f no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Since the appellant did not prepare a statement of the evidence he is responsible for any inadequacy in the record and cannot obtain relief because of that inadequacy. See, Tenn. R. App. P. 36(a).

Furthermore, it appears that the court reporter's inability to discern the testimony is largely due to the witnesses' failure to speak clearly or to give an audible response to the questions. Because the petitioner carries the burden of proving his post-conviction claims by clear and convincing evidence, he bears the responsibility of ensuring that the testimony is clearly stated on the record.

Nevertheless, the record is not so deficient as to preclude appellate review in this case. Although the record does contain many instances where the court reporter notes that the testimony is "indiscernible," this Court is able to determine the substance of the witnesses' testimony. As a result, we do not believe that a new evidentiary hearing is necessary.

This issue has no merit.

## UNKNOWING AND INVOLUNTARY GUILTY PLEA

The petitioner alleges that his guilty plea was not knowingly, intelligently and voluntarily entered. He first argues that, at the guilty plea hearing, the trial court failed to comply with Rule 11

of the Tennessee Rules of Criminal Procedure. Secondly, he contends that, because he was under the influence of medication, his guilty plea was unknowing, unintelligent and involuntary.

**A.**

In order to satisfy constitutional standards of due process, a guilty plea must be entered knowingly, voluntarily and intelligently. Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); Johnson v. State, 834 S.W.2d 922, 923 (Tenn. 1992); Dixon v. State, 934 S.W.2d 69, 71 (Tenn. Crim. App. 1996). A defendant enters a knowing and voluntary plea when he or she understands the rights and circumstances involved and nevertheless chooses to waive or relinquish those rights. State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). The relinquishment of these rights will not be presumed from a silent record. Bates v. State, 973 S.W.2d 615, 624 (Tenn. Crim. App. 1997). However, "the standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Powers v. State, 942 S.W.2d 551, 556 (Tenn. Crim. App. 1996) (citation and internal quotations omitted).

In determining whether a petitioner's guilty plea was knowing and voluntary, this Court must look at the totality of the circumstances. State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). This Court "is bound by the post-conviction court's findings unless the evidence preponderates otherwise." Bates v. State, 973 S.W.2d at 631. "This court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court." Id. In addition, "questions concerning the credibility of witnesses and weight and value to be given their testimony are for resolution by the post-conviction court." Id.

**B.**

The petitioner claims that his guilty plea was involuntary because the trial court failed to comply with Tenn. R. Crim. P. 11. Specifically, the petitioner argues that the trial court failed to inform him of the nature of the charge to which he is pleading, failed to inform him that "there will not be a further trial of any kind," and failed to inquire whether the petitioner's plea was voluntary and not the result of force or threats. *See* Tenn. R. Crim. P. 11(c)(1), (4), (d).

In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that an accused's guilty plea must be voluntarily, knowingly, and understandingly entered for a conviction resting upon a guilty plea to comply with due process. In Boykin, the Court stated that a guilty plea constituted a waiver of the following constitutional rights:

(1) the privilege against compulsory self-incrimination;

(2) the right to trial by jury; and

(3) the right to confront one's accusers.

395 U.S. at 243, 89 S.Ct. 1712. Boykin requires a sufficient showing on the record that the defendant voluntarily relinquished these rights. Id.

Exercising its supervisory power to ensure that the courts of this state afford fairness and justice to defendants in criminal cases, our Supreme Court developed stricter standards than those mandated by the Boykin decision in State v. Mackey, 553 S.W.2d at 341. Mackey requires that trial judges, in accepting pleas of guilty in criminal cases to substantially adhere to the following

-4-

procedure:

> [T]he court must address the defendant in open court and inform him of, and determine that he understands, the following:
>
>> (1) The nature of the charge to which the plea is offered, and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and, if applicable, that a different or additional punishment may result by reason of his prior convictions or other factors which may be established in the present action after the entry of his plea; and
>>
>> (2) If the defendant is not represented by an attorney, that he has a right to be represented by an attorney at every stage of the proceeding against him, and if necessary, one will be appointed to represent him; and
>>
>> (3) That he has a right to plead not guilty or to persist in that plea if it has already been made, and, that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and
>>
>> (4) That if he pleads guilty, there will not be a further trial of any kind except to determine the sentence so that by pleading guilty he waives the right to a trial; and
>>
>> (5) That if he pleads guilty, the court or the state may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement, and, further, that, upon the sentencing hearing, evidence of any prior convictions may be presented to the judge or jury for their consideration in determining punishment.

Id. at 341. The Mackey court also stated:

> The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty results from prior discussions between the District Attorney General and the defendant or his attorney.

Id. The Mackey requirements have been adopted into Rule 11 of the Tennessee Rules of Criminal Procedure.

However, some of the mandated Mackey advice is not required by Boykin, but represents a supervisory pronouncement of the Court. State v. Prince, 781 S.W.2d 846, 853 (Tenn. 1989). "[A]ny other requirement of Mackey in excess of Boykin is not based upon any constitutional provision, federal or state. It follows, that any omissions, not required in Boykin may be relied upon on direct appeal in appropriate cases but such omissions have no validity on the first or any subsequent post-conviction proceeding." Id. (emphasis added). Courts of this state have consistently held that Mackey advice which is not required by Boykin is not constitutionally based and, therefore, is not cognizable in a petition for post-conviction relief. State v. Neal, 810 S.W.2d 131, 137 (Tenn. 1991); Hicks v. State, 983 S.W.2d 240, 247 n. 10 (Tenn. Crim. App. 1998); Sneed v. State, 942 S.W.2d 567, 568-69 (Tenn. Crim. App. 1996); Teague v. State, 789 S.W.2d 916, 917 (Tenn. Crim. App. 1990).

As required by Boykin, during the guilty plea proceedings the trial court advised the petitioner that he had a right to a jury trial, that he had a right to confront the witnesses against him and that he had a right not to incriminate himself. The petitioner's complaint that the trial court did not fully comply with Rule 11 of the Tennessee Rules of Criminal Procedure is not constitutionally based. Thus, the petitioner's allegation is not cognizable under the Post-Conviction Procedure Act.

As a result, this issue is without merit.[3]

## C.

The petitioner next argues that his guilty plea was unknowing, unintelligent and involuntary because he was under the influence of mind-altering medications during the guilty plea proceedings. He contends that his pain medication hampered his ability to understand the nature of the proceedings, as well as the rights he was waiving.

Even though the record substantiates the petitioner's claim that he had been hospitalized the day prior to entering a guilty plea, there is no evidence in the record, other than the petitioner's allegations, that the petitioner was under the influence of any medication at the time of his plea. The petitioner and his wife testified that he had taken some prescription medications on that day; however, there is no evidence that these medications had any effect on his cognitive processes. Moreover, the petitioner provided the court with a list of his prescribed medications, but failed to demonstrate how these medications limited his ability to understand the nature of the guilty plea proceedings.

On the day the petitioner entered his plea, trial counsel spoke with him at length and read him the waiver of jury trial form. He was not concerned that the petitioner's medical condition would affect his ability to understand the nature of the proceedings. Indeed, Rogers testified that he did not believe "one bit that [the petitioner] would not understand what he was doing." Counsel maintained

_____

[3] We also note that this issue was not presented in the petition for post-conviction relief. Issues not raised in the post-conviction petition cannot be raised for the first time on appeal. *See* Jimmy Earl Lofton v. State, C.C.A. No. 02C01-9603-CR-00073, 1997 Tenn. Crim. App. LEXIS 219, at *21, Shelby County (Tenn. Crim. App. filed March 7, 1997, at Jackson). A post-conviction petition "must necessarily rest upon and be determined by the factual allegations it contains." Long v. State, 510 S.W.2d 83, 85 (Tenn. Crim. App. 1974).

that he would have sought a continuance had he believed that the petitioner was under the influence of medications.

Furthermore, the trial court was able to recollect the guilty plea hearing in this matter. The trial judge recalled, "I made sure myself that he understood what I was saying to him, and I was convinced that he did." After considering all of the evidence, the trial court determined that the petitioner's guilty plea was knowingly, intelligently and voluntarily entered.

The evidence in the record does not preponderate against the trial court's findings in this case. Therefore, we conclude that, under the totality of the circumstances, the record fully supports the trial court's determination that the petitioner entered a knowing, intelligent and voluntary guilty plea.

This issue has no merit.

## CONCLUSION

After a review of the record, we conclude that the trial court properly denied the petition for post-conviction relief. Accordingly, the judgment of the trial court is affirmed.