IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 20, 2001 Session

# GREGORY SCOTT CAUDILL v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Circuit Court for Cocke County
No. 24975-I     Ben W. Hooper, II, Judge**

_____

**No. E2000-00586-CCA-R3-CD
July 19, 2001**
_____

A Cocke County grand jury indicted the petitioner on four counts of aggravated robbery and two counts of aggravated assault. On November 28, 1994, the petitioner pled guilty to all six counts. Following a sentencing hearing, he received twelve years on each aggravated robbery and six years on each aggravated assault. The trial court then ran some of the sentences consecutively resulting in an effective sentence of thirty years as a Range I, standard offender. On direct appeal this Court modified the sentence to twenty-four years. State v. Gregory Scott Caudill, No. 03C01-9510-CC-00338, 1997 WL 7009 at *7 (Tenn. Crim. App. at Knoxville, January 9, 1997). The petitioner's application for permission to appeal to the Tennessee Supreme Court was denied. Thereafter, he filed a pro se petition for post-conviction relief alleging errors made with regard to his plea. Counsel was appointed to assist him; an amended petition was filed; and the trial court conducted a hearing thereon. At the conclusion of this hearing, the trial court dismissed the petition. Through this appeal the petitioner avers that the trial court failed to comply with Rule 11 of the Tennessee Rules of Criminal Procedure in taking his plea. More particularly, he alleges that the trial court did not advise him of the mandatory minimum and maximum penalties that he could potentially receive. After reviewing the record, we find that the petitioner's specific claim lacks merit. However, through its brief the State observes that constitutionally mandated advice concerning the petitioner's confrontation rights was not provided by the trial court in its colloquy at the time of the petitioner's plea. Therefore, the State requests that this Court remand the case for a hearing to determine if this omission was harmless. We agree and remand the matter for this purpose.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed in Part
and Reversed and Remanded in Part.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ, joined.

Thomas v. Testerman, Newport, Tennessee, for appellant, Gregory Scott Caudill.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussmann, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and James B. Dunn, Assistant District Attorney, for appellee, State of Tennessee.

## OPINION

## Factual Background

In deciding the petitioner's case on direct appeal, this Court summarized the facts as follows:

On October 23, 1993, the appellant, armed with a club, and his co-defendant, Jimmy Hughes, armed with a sawed-off double barrel shotgun, entered the Briar Thicket Grocery Store. Once inside the store, Hughes aimed the gun at the owner of the store, Betty Samples, and the other occupants in the building, Helen Moore, Herbert Sawyer, Henry Clay Fox, LeeAnn Samples, and Joan Fox. These victims were then ordered to "lay down in the floor." The perpetrator, wielding a club, "struck Betty Samples as she lay in [the] floor." Helen Moore, Herbert Sawyer, and Henry Clay Fox were also struck with a weapon. Although none of these victims saw the person who struck them, the proof in the record suggests that the appellant committed the assaults. Both Betty Samples and Helen Moore received injuries requiring stitches as a result of blows to the head. The appellant and Hughes proceeded to rob Betty Samples, Helen Moore, Henry Clay Fox, and Herbert Sawyer of their "monies, purses, wallets, and personal belongings." Also stolen were three pistols and the store's cash register. The two perpetrators then fled the building. Several days later, the appellant and Hughes were apprehended. In their possession was a large amount of cash and two pistols, later identified as belonging to Betty Samples. The appellant confessed, in an unsigned statement, that he and Hughes committed the robberies at the grocery store.

Id. (footnotes omitted).

At the post-conviction hearing the petitioner introduced as exhibits the transcripts of his guilty plea hearing and his sentencing hearing. The guilty plea submission transcript reveals that the trial court asked the petitioner: "Has it been explained to you what the penalties are, what the ranges are, what your charges are? Do you understand all of that?" to which the petitioner replied, "Yes." He further affirmed that he had talked with his counsel about such topics.

Beyond these exhibits the petitioner provided the only testimony.[1] According to this witness his attorney at the time of the plea had discussed his case with him on at least five separate

---

[1] R. J. Tucker, the attorney representing the petitioner at the time of his plea, died prior to the post-conviction hearing.

occasions, and it was the petitioner's understanding upon entering the courtroom to plead that he would receive no more than twelve years for these offenses. The petitioner added that the trial court in taking the plea had said nothing to dissuade him of this belief. Furthermore, when asked what he would have done if the trial judge had told him that he might be sentenced to thirty years, the petitioner claimed that he would not have pled guilty.[2] On re-direct counsel asked questions relating to the petitioner's mental and social limitations.

Having heard the proof, the trial court denied the petitioner relief. In announcing its decision, the lower court found that the petitioner's previous counsel had provided effective assistance and that the petitioner had been properly, if not "artfully," advised of his rights. Additionally, the trial court noted that the "grounds for relief ... should have been raised in the Appellate Court and ... are not of Constitutional standing and therefore cannot support a petition for post-conviction relief."

Turning to this appeal, we find that the petitioner's allegation concerning the trial court's failure to advise him of the mandatory minimum and maximum penalties does not merit a reversal of the lower court's actions. However, as aforementioned, the State notes that the trial court in taking petitioner's guilty plea neglected to provide constitutionally mandated advice concerning petitioner's confrontation rights and, thus, requests that the case be remanded for a hearing to determine if such omission was harmless in this case. We agree with the State's conclusion and remand the case for a full hearing on this issue.

## Post-Conviction Standard of Review

In analyzing the issue raised, we first note that a petitioner bringing a post-conviction petition bears the burden of proving the allegations asserted in the petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f). Moreover, the trial court's findings of fact "are conclusive on appeal unless the evidence preponderates against the judgment." Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); see also Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995).

## Failure to Advise of the Minimum and Maximum Possible Penalties

The petitioner initially frames his issue as involving the trial court's failure to comply with Rule 11 of the Tennessee Rules of Criminal Procedure.[3] He then sets out the provisions of subsections (c) and (d) of this rule regarding the full spectrum of mandated advice a trial court is to give a defendant prior to accepting his or her plea. See Tenn. R. Crim. P. 11(c)(1-5), (d). However, having done so, the petitioner focuses his argument on the trial court's failure to specifically advise him of the mandatory minimum and maximum penalties possible for his convictions. See Tenn. R. Crim. P. (c)(1).

In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that an accused's guilty plea must be voluntarily, knowingly, and understandingly entered for a conviction resting upon a guilty plea to comply with due process. In Boykin, the Court stated that a guilty plea constituted a waiver of the following constitutional rights: (1) the privilege against compulsory self-incrimination; (2) the right to trial by jury; and (3) the right

---

[2] Upon questioning by the trial court, the petitioner admitted knowing at the time of his plea that his co-defendant had received ninety years for these crimes.

[3] Though the petitioner mentions an ineffective assistance of counsel claim at the post-conviction hearing, he makes no reference to it in the argument section of his brief nor does he cite authority in support of this proposition. He has, therefore, waived this issue under Rule 10(b) of the Court of Criminal Appeals of Tennessee.

to confront one's accusers. <u>Boykin</u>, 395 U.S. at 243, 89 S.Ct. at 1712. <u>Boykin</u> requires a sufficient showing on the record that the defendant voluntarily relinquished these rights. <u>Id</u>.

Exercising "its supervisory power to [e]nsure that the courts of this State afford fairness and justice to defendants in criminal cases," our Supreme Court developed stricter standards than those mandated by the <u>Boykin</u> decision in <u>State v. Mackey</u>, 553 S.W.2d 337, 340-41 (Tenn. 1977), <u>superseded on other grounds by</u> Tenn. R. Crim. P. 37(b) & T. R. A. P. 3(b). <u>Mackey</u> requires that trial judges accepting pleas of guilty in criminal cases substantially adhere to the following procedure:

> [T]he court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
>
> (1) The nature of the charge to which the plea is offered, and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and, if applicable, that a different or additional punishment may result by reason of his prior convictions or other factors which may be established in the present action after the entry of his plea; and
>
> (2) If the defendant is not represented by an attorney, that he has a right to be represented by an attorney at every stage of the proceeding against him, and if necessary, one will be appointed to represent him; and
>
> (3) That he has a right to plead not guilty or to persist in that plea if it has already been made, and, that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and
>
> (4) That if he pleads guilty, there will not be a further trial of any kind except to determine the sentence so that by pleading guilty he waives the right to a trial; and
>
> (5) That if he pleads guilty, the court or the state may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement, and, further, that, upon the sentencing hearing, evidence of any prior convictions may be presented to the judge or jury for their consideration in determining punishment.

<u>Id</u>. at 341. The <u>Mackey</u> court also stated:

> The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty results from prior

discussions between the District Attorney General and the defendant or his attorney.

Id. The Mackey requirements have been adopted into Rule 11 of the Tennessee Rules of Criminal Procedure.

However, some of the mandated Mackey advice is not required by Boykin, but represents a supervisory pronouncement of the Court. State v. Prince, 781 S.W.2d 846, 852-53 (Tenn. 1989). "[A]ny other requirement of Mackey in excess of Boykin is not based upon any constitutional provision, federal or state. It follows, that any omissions, not required in Boykin may be relied upon on direct appeal in appropriate cases but such omissions have no validity on the first or any subsequent post-conviction proceeding." Id. at 853. Courts of this state have consistently held that Mackey advice which is not required by Boykin is not constitutionally based and, therefore, is not cognizable in a petition for post-conviction relief. See, e.g., Hicks v. State, 983 S.W.2d 240, 247 n. 10 (Tenn. Crim. App. 1998); Sneed v. State, 942 S.W.2d 567, 568-69 (Tenn. Crim. App. 1996); Teague v. State, 789 S.W.2d 916, 917 (Tenn. Crim. App. 1990).

In the instant case though the petitioner cites numerous provisions of Rule 11 of the Tennessee Rules of Criminal Procedure, he only argues the trial court's failure to properly advise the petitioner of the potential minimum and maximum penalties he could have incurred.[4] As set out above, this advice is not among those which are constitutionally based. Thus, the petitioner's allegation is not cognizable under the Post-Conviction Procedure Act and is without merit.

Furthermore, even if this issue had been appropriately before the Court, we observe that questions concerning credibility and the weight to be afforded evidence rest in the hands of the trial court in these post-conviction hearings. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). In the instant case the trial court had the opportunity to observe the petitioner's demeanor while testifying; the petitioner confirmed the trial court's belief that the petitioner had been aware of his co-defendant's previously receiving ninety years for the co-defendant's participation in these crimes; the trial court had knowledge of the legal skills possessed by the petitioner's attorney at the time of the plea; etc. With this information the trial court concluded that the petitioner lacked credibility. While acknowledging that the petitioner's mental abilities were below average, we do not find that the evidence preponderates against the trial court's determination.

**Failure to Provide Constitutionally Mandated Advice**

After reaching the same conclusion, the State notes that its review of the record reveals a failure by the trial court to provide all of the constitutionally required advice under Boykin. Specifically, the State avers that the trial court neglected to inform the petitioner in this case of his right against self-incrimination and to confront his accusers. The State further opines that the trial court's litany of advice given did not rise to the level of substantial compliance. See, e.g., Bates v. State, 973 S.W.2d 615, 624-25 (Tenn. Crim. App. 1997). Because of this, the State concludes that this case should be remanded to allow the trial court to conduct a hearing and subject the claim to harmless error analysis. See, e.g., State v. Johnson, 834 S.W.2d 922, 926-27 (Tenn. 1992); Bates at 624-25.

---

[4] This issue was also the focus of the post-conviction hearing testimony.

From our examination of the guilty plea transcript, we find that the trial court did essentially advise the petitioner of his right against self-incrimination[5] but did not address the petitioner's right to confront the witnesses against him. The latter is clearly a constitutional right which Boykin requires a trial court to explain to a defendant pleading guilty and to ensure that he or she understands. Thus, with regard to the trial court's finding that the petitioner "received proper advice of rights," we conclude that the evidence preponderates against this determination as to the right of confrontation.

Boykin adds that when the record is silent concerning the waiver of a petitioner's rights against self-incrimination, to confront his or her accusers, and to a trial by jury, we may not presume from a silent record that the petitioner waived these. Boykin, 395 U.S. at 243, 89 S.Ct. at 1712. Nevertheless, the failure to advise a defendant pleading guilty of these rights is subject to harmless error analysis. See, e.g., Bates at 624-25. Because of the manner in which this case was presented, the State is entitled to have an opportunity to prove that this omission was harmless.[6] We, therefore, grant the State's request that the case be remanded to the lower court for a hearing to determine if this error was harmless beyond a reasonable doubt.

### Conclusion

For the foregoing reasons we determine that the petitioner's issue lacks merit; however, the State's assertion is meritorious. Accordingly, the case is AFFIRMED IN PART AND REVERSED AND REMANDED IN PART for further proceedings consistent with this opinion.

_____
JERRY L. SMITH, JUDGE

---

[5] In this respect the trial court advised the petitioner as follows: "You understand that you do not have to take the stand and testify. The State must prove you guilty. You are presumed innocent. Do you understand that?" The petitioner replied affirmatively.

[6] As previously mentioned, the petitioner's almost exclusive focus at the evidentiary hearing was on the trial court's failure to advise him of the potential maximum and minimum sentences. His brief very narrowly avoided waiver of the confrontation issue. See Tenn. Code Ann. § 40-30-206(g); Tenn. R. Ct. Crim. App. 10(b). However, the post-conviction petition's allegations are broad enough to encompass a complaint about a lack of advice with respect to confrontation rights. It was the State which specifically brought the error to the Court's attention at the appellate level, and the State should be afforded the right to address the question of harmless error in the lower court.