# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1997

FILED

October 8, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9609-CR-00347 |
| Appellee, | ) | |
| | ) | HAMILTON COUNTY |
| V. | ) | |
| | ) | HON. STEPHEN M. BEVIL, JUDGE |
| GEORGE WILLIAM CAIN, | ) | |
| Appellant. | ) | (POST CONVICTION) |

FOR THE APPELLANT:

**ARDENA J. GARTH**
District Public Defender

**DONNA ROBINSON MILLER**
Assistant Public Defender

**KARLA GOTHARD**
Assistant Public Defender
701 Cherry Suite - Suite 300
Chattanooga, TN  37402

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**MARVIN E. CLEMENTS, JR.**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243-0943

**WILLIAM H. COX, III**
District Attorney General

**BATES W. BRYAN, JR.**
Assistant District Attorney General
Chattanooga-Hamilton County
Courts Building
Chattanooga, TN  37402

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, George William Cain, appeals the order of the Hamilton County Criminal Court dismissing his petition for post-conviction relief. The trial court found that the relief requested was barred by the statute of limitations and dismissed the petition without an evidentiary hearing. On appeal, the Petitioner argues that Tennessee Code Annotated section 40-30-201 et seq. (Supp. 1996), provides for a "one year window of opportunity" to file for post-conviction relief through May 10, 1996. In the alternative, Petitioner argues that application of the statute of limitations to his petition would violate constitutional due process guarantees. Finding no merit to the Petitioner's arguments, we affirm the judgment of the trial court.

On May 30, 1995, Petitioner filed his pro se petition for post-conviction relief in the Criminal Court of Hamilton County. In this petition, he attacked five (5) felony convictions he received in Hamilton County Criminal Court on November 28, 1975, in addition to a conviction for second degree murder in the Hamilton County Criminal Court on November 30, 1984. The first five (5) convictions were the result of guilty pleas, and the second degree murder conviction wast he result of a jury trial. The trial court's order of dismissal states that this court affirmed the conviction for second degree murder in an opinion filed on December 2, 1985, and that our supreme court denied the Petitioner's application for permission to appeal on March 25, 1986. The Petition alleges various grounds for relief, but in his appeal Petitioner argues that the guilty plea hearings in 1975 were done in a manner in which he was not advised of his

constitutional rights in violation of <u>Rounsaville v. Evatt</u>, 733 S.W.2d 506 (Tenn. 1987) and <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969).

Petitioner argues that the decision of our supreme court in <u>Burford v. State</u>, 845 S.W.2d 204 (Tenn. 1992), mandates that application of the statute of limitations in his case would violate his right to due process.

We initially note that in <u>Arnold Carter v. State</u>, _____ S.W.2d _____, No. 03-S-01-9612-CR-00117, slip op. at 2, Monroe County (Tenn., at Knoxville, Sept. 8, 1997), our supreme court ruled as follows: "[p]etitioners for whom the statute of limitations expired prior to the effective date of the new Act, i.e., May 10, 1995, do not have an additional year in which to file petitions for post-conviction relief." Therefore, there is no merit to Petitioner's argument that the Post-Conviction Procedure Act, which was effective on May 10, 1995, grants a "one year window of opportunity" to file a petition for post-conviction relief regarding claims which had previously been barred by the statute of limitations. Petitioner had until July 1, 1989 in which to file a petition for post-conviction relief attacking the 1975 convictions and the conviction for second degree murder. Tenn. Code Ann. § 40-30-102 (repealed 1995).

Neither <u>Boykin</u>, a decision by the United States Supreme Court filed in 1969, nor <u>Rounsaville</u>, a decision of our supreme court in 1987, stated grounds for relief which arose after the statute of limitations had expired on any of Petitioner's convictions. Therefore, <u>Burford</u> is not applicable.

We affirm the judgment of the trial court.

                                    _____
                                    THOMAS T. WOODALL, Judge


CONCUR:


_____
DAVID H. WELLES, Judge


_____
JOHN K. BYERS, Senior Judge