**STATE of Missouri, Respondent,**

v.

**Jackie Lynn WOOD, Appellant.**

**No. 10369.**

Missouri Court of Appeals,
Springfield District.

June 22, 1977.

**334**

Ralph R. Bloodworth, Jr., Poplar Bluff, for appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

Appellant Jackie Lynn Wood was found guilty by a jury of buying and receiving a 1952 Willys Jeep automobile, knowing the same to have been stolen and with intent to defraud. § 560.270 RSMo 1969, V.A.M.S. He was sentenced to a prison term of two years.

On this appeal defendant presents the single contention that the trial court erred in failing to sustain his motion for judgment of acquittal made "at the end of the State's case and at the end of all of the evidence because nowhere in the case is there any evidence that the defendant bought the jeep knowing it to have been stolen."

Whether the evidence at the close of the state's case-in-chief was sufficient to support the conviction need not be determined because defendant did not move for a judgment of acquittal at that stage of the trial but proceeded to introduce evidence on his own behalf. *State v. Benfield*, 522 S.W.2d 830, 831[1] (Mo.App.1975).

At the close of all the evidence defendant did, by motion, attack the sufficiency of the evidence to support the conviction. That contention is renewed here. In determining its validity, this court must view the evidence in the light most favorable to the state, accept all substantial evidence and all legitimate inferences fairly deducible therefrom tending to support the verdict, and reject contrary and contradictory evidence. *State v. Petrechko*, 486 S.W.2d 217 (Mo.1972). All evidence unfavorable to the state must be disregarded. *State v. Summers*, 506 S.W.2d 67, 69 (Mo. App.1974). The submissibility of the case will be determined upon the basis of all of the evidence, including those portions of the defendant's evidence which favor the state. *State v. Sykes*, 372 S.W.2d 24, 25[2] (Mo. 1963).

It is true, as defendant points out, that one of the elements of the offense is that he had actual knowledge of the stolen character of the jeep at the time he received it and that mere possession of the stolen property raises no presumption of such guilty knowledge. *State v. Webb*, 544 S.W.2d 53, 57[8] (Mo.App.1976). Knowledge of the stolen character of the property may, however, be inferred from the facts and circumstances in evidence. *State v. Taylor*, 422 S.W.2d 633, 636[1] (Mo.1968).

In late July, 1974, an "army 1952 model Willys Jeep", owned by Floyd Jones, was stolen. In September, 1974, at the request of law officers, Jones inspected a jeep at the Wayne County courthouse. It had numerous features, described in detail by Jones, which enabled him positively to identify it as the one stolen from him. The vehicle had undergone several changes between its theft and its recovery. It had been painted "a sorry red and black." The data plate on the dashboard had been chiseled off and so had the identification number.

Jones testified that the reasonable market value of the jeep at the time it was stolen was $1500.00. There was testimony that its value, in its altered condition at time of recovery, was $1200.00.

Law officers had found the jeep concealed in a brushy, wooded area behind the rural home of defendant's mother-in-law. The latter testified that defendant kept it there "whenever he was not at home." After the officers had taken the jeep to the courthouse, defendant telephoned one of them and told him that the jeep was his and that he, defendant, had owned it for two years. Defendant told another witness that he had owned the jeep since 1973.

Testimony of defendant's wife and a written statement from defendant showed that defendant bought the jeep in Wayne County, about August 3, 1974, from one Tom Wilhite for $100.00 but the title was not transferred to him. Defendant's wife also testified that defendant and defendant's brother had worked on the jeep after defendant acquired it. Photographs of the jeep were introduced into evidence.

Although the foregoing evidence clearly justified the jury in finding that defendant bought and received the jeep, defendant argues that the jury could not reasonably have found that he did so with actual knowledge of its stolen character.

 One of the "more frequent factors" from which guilty knowledge may be inferred is "inadequacy of price". *State v. Ham*, 104 S.W.2d 232, 233[2] (Mo.1937); *State v. Cacioppo*, 373 S.W.2d 479, 481[2] (Mo.App.1963). The jury was entitled to find that $100.00 was a "suspiciously low price" for a vehicle worth $1500.00. See *State v. Taylor*, 422 S.W.2d 633, 636 (Mo. 1968). Moreover, defendant's false statements that he had owned the jeep since 1973, *State v. Simone*, 416 S.W.2d 96, 101[16–18] (Mo.1967), *State v. Eggleston*, 27 S.W.2d 726, 728[2, 3] (Mo.App.1930), and his conduct in concealing the jeep in the brushy, wooded area, *State v. Weinberg*, 245 Mo. 564, 150 S.W. 1069, 1071[2] (1912), are circumstances which, coupled with the inadequacy of price, warranted the jury in making the required finding of guilty knowledge.

Defendant does not claim that the evidence was deficient with respect to a showing of the element "with intent to defraud."

The evidence already summarized would support a finding of that element. See *State v. Ciarelli*, 366 S.W.2d 63, 67–68 (Mo. App.1963).

The judgment is affirmed.

All concur.