**STATE of Tennessee, Appellee,**

v.

**John W. GILAM, Appellant.**

Supreme Court of Tennessee,
at Knoxville.

June 29, 1987.

W.J. Michael Cody, Atty. Gen. & Reporter, Kathy Principe, Asst. Atty. Gen., Nashville, for appellee.

Thomas M. Fleming, Rochester, N.Y., for appellant.

## OPINION

FONES, Justice.

The issue in this post-conviction proceeding is whether it is fatal to the validity of a guilty plea for the trial judge to fail to advise a defendant, in open court, of the constitutional right against self-incrimination.

Defendant had entered previous guilty pleas to two counts of armed robbery, one count of possession of a sawed-off shotgun and one count of assault with intent to commit murder. The trial judge "addressed the defendant personally in open court" and informed him of the constitutional rights that he was waiving and the significant consequences of guilty pleas, with the exception that no mention whatever was made of the right not to be compelled to incriminate himself.

Defendant contends that those pleas were void, being in violation of the requirements in *Boykin v. Alabama,* 395 U.S. 238,

89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977) that a guilty plea cannot be determined to have been intelligently and voluntarily entered absent an affirmative showing that defendant had been informed of the constitutional rights specified therein, in open court and a determination made by the trial judge that defendant understood them. The privilege against self-incrimination was one of those rights.

The trial judge and the Court of Criminal Appeals found that because the record showed that on prior occasions defendant had entered guilty pleas to offenses, he had a sufficient understanding of his rights to "supply the deficiency" in the guilty plea hearing at issue in this post-conviction proceeding.

In *Rounsaville v. Evatt*, 733 S.W.2d 506 (Tenn.1987), defendant raised this identical issue in a post-conviction proceeding, seeking to avoid nine guilty pleas entered at a prior hearing where defendant was not informed by the trial judge in open court of the privilege against self-incrimination. We held in *Rounsaville*, released simultaneously with this opinion, that the omission of that constitutional right from the open court proceedings is constitutionally fatal to the validity of guilty pleas taken on such an occasion. *See Boykin, supra* and *Mackey, supra.*

For the reasons expressed in *Rounsaville*, the guilty pleas at issue in this proceeding must be declared void.

The judgments of the trial court and the Court of Criminal Appeals are reversed and this case is remanded to the Criminal Court of Hamilton County for the entry of judgments in conformity with this opinion and any other proceedings that may be appropriate. Costs are adjudged against the State.

BROCK, C.J., HARBISON and DROWOTA, JJ., and FRANKS, Special Judge, concur.