**Michael K. HOUSLER, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 1, 1988.

Permission to Appeal Denied by Supreme Court May 2, 1988.

William M. Leibrock, Newport, for appellant.

W.J. Michael Cody, Atty. Gen., Kathy M. Principe, Asst. Atty. Gen., Nashville, Al Schmutzer, Jr., Dist. Atty. Gen., Sevierville, Philip Owens, Asst. Dist. Atty. Gen., Newport, for appellee.

## OPINION

SCOTT, Judge.

Pursuant to his pleas of guilty the appellant was convicted of robbery by the use of a deadly weapon and aggravated kidnapping. He received sentences of twenty years and three years in the state penitentiary as a Range I, standard offender. The sentences are to be served concurrently. A few months after he arrived at the state penitentiary, he filed his petition for postconviction relief. Counsel was appointed, a full evidentiary hearing was held and the trial court denied relief. From that denial he has appealed, contending that the trial judge erred in denying relief for three reasons.

First, he contends that it was error to deny relief because he proved the state was guilty of prosecutorial misconduct. The appellant contends that the prosecutor harassed him and tried to coerce him to plead guilty. He alleges that the state failed to assist him in getting statements from a witness to which he says the state had exclusive access. He claims that he was harassed when the state asked him to give up his driver's license on three separate occasions. He claims he was harassed when the state filed a notice of intent to seek Range II punishment.

He testified that the state asked him to give up his driver's license. However, there is no explanation in the record as to how this rendered his plea of guilty unknowing or involuntary. He was in jail

at the time and his driver's license was of little value to him. There was originally some confusion as to whether or not he was a Range II offender. He had a conviction in another state which the prosecutor initially thought was a felony. Further investigation showed it was a misdemeanor. Therefore, the Range II sentencing motion was abandoned and, prior to entering his plea of guilty, the appellant knew that Range II punishment was not being sought by the state. As to the witness, a co-defendant, the appellant's counsel located the witness but the witness refused to discuss the case with the defense counsel. In no way can this refusal be attributed to any action on the part of the state. Rather, it is attributed to her claiming her Fifth Amendment privilege.

These complaints could only be the basis for a grant of relief if he could prove his allegation that they caused him to enter a guilty plea that was not knowing and voluntary. *Sherrod v. State*, 567 S.W.2d 482 (Tenn.Cr.App.1978). There has been no showing whatsoever that the guilty plea was influenced in any way by these events, and this issue has no merit.

■ In the next issue the appellant contends that he received ineffective assistance of counsel. In view of his guilty plea, this claim is only relevant to the degree that it shows that his plea of guilty was not knowing and voluntary. *Id.* He does not allege nor did he testify that if his counsel did something differently he would have gone to trial. This issue has no merit.

■ Finally, the appellant contends that the trial judge erred by failing to grant relief because the plea of guilty was entered in violation of *State v. Mackey*, 553 S.W.2d 333 (Tenn.1977), and *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In *State v. Mackey*, supra at 341, our Supreme Court held that before accepting a plea of guilty the trial judge must address the defendant personally in open court and inform him of five things and determine that he understands each of them. The fifth item is as follows:

That if he pleads guilty, the court or the state may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement, and, further, that, upon the sentencing hearing, evidence of any prior convictions may be presented to the judge or jury for their consideration in determining punishment.

The appellant and the state agree that the trial judge did not discuss this item with the appellant at the guilty plea hearing. Indeed, the trial judge stated that he does not "regularly" comply with this provision of *Mackey*. The issue then becomes one of whether the failure of a trial judge to strictly comply with every mandate of *Mackey* can be the basis for a grant of post-conviction relief.

Only violations of the United States Constitution or the Tennessee Constitution can be the basis for the granting of relief in post-conviction cases. TCA § 40–30–105. The requirements set forth in *Boykin v. Alabama*, supra, are grounded in the Federal Constitution. Some of the requirements set forth in *Mackey* are likewise grounded in the State and Federal Constitutions. However, the omitted portion of the mandated dialogue is not constitutionally based. The only basis for these admonitions is *Mackey*. *Boykin* contains no requirement for such dialogue.

In the recent cases of *Rounsaville v. Evatt*, 733 S.W.2d 506, 508 (Tenn.1987), and *State v. Gilam*, 732 S.W.2d 600, 601, (Tenn. 1987), our Supreme Court held that full compliance with *Mackey* is a prerequisite to the acceptance of a valid guilty plea. However, each of those cases dealt with the failure of the trial judge to inform the defendant about the privilege against self incrimination—right guaranteed by the Fifth Amendment of the United States Constitution and Article I, § 9 of the Tennessee Constitution.

As previously noted, the omitted dialogue required by *Mackey* is not constitutionally mandated. Rather, it is required

only because our Supreme Court, in the exercise of its supervisory power over the inferior courts, says it is. TCA § 16–3–501. Thus, while the broad language of *Rounsaville* and *Gilam* would indicate that failure to fully comply with *Mackey* can be the basis for relief, that relief cannot be granted in a post-conviction relief proceeding, since only errors of constitutional dimension are cognizable in such proceedings.

We are unable to find any requirement in either of the constitutions that the fifth item of the *Mackey* advice must be given. Therefore, no relief can be granted upon this error in this proceeding. The proper forum for redress when non-constitutional requirements are ignored by the trial judge is direct appeal. This issue has no merit.

Finding no merit to any of the issues, the judgment is affirmed.

BIRCH, J., and JAMES C. BEASLEY, Special Judge, concur.