# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JULY 1997 SESSION

FILED

July 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CLAUDE LEE TODD, | ) | NO. 02C01-9609-CR-00295 |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | Hon. Carolyn Wade Blackett, |
| STATE OF TENNESSEE, | ) | Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

ARCH B. BOYD, III
217 Exchange Avenue
Memphis, TN 38105

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

JAMES J. CHALLEN, III
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

## OPINION

The petitioner, Claude Lee Todd, appeals an order of the Criminal Court of Shelby County denying his petition for post-conviction relief. On appeal, petitioner challenges the validity of guilty pleas entered in 1973 alleging he was not advised (1) of his right against self-incrimination, and (2) that the guilty pleas could be used to enhance punishment on subsequent convictions. We affirm the judgment of the trial court.

## CASE HISTORY

In 1968, petitioner pled guilty to grand larceny and third degree burglary. He pled guilty to numerous other offenses in 1973. In 1980, petitioner was convicted by a jury of armed robbery and habitual criminality.

Subsequently, he filed a petition for post-conviction relief within the statutory period challenging the validity of the guilty pleas entered in 1968 and 1973, relying upon Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The trial court denied the petition without a hearing, finding that Boykin was not retrospective in application and could not be used to invalidate the 1968 guilty pleas. The trial court further denied relief as to the 1973 guilty pleas on the basis of laches.

Petitioner then appealed the dismissal of his petition. This Court agreed that Boykin is prospective in application only and did not constitute grounds for relief as to the 1968 pleas. Claude Todd v. State, C.C.A. No. 02C01-9204-CR-00083 (Tenn. Crim. App. filed November 18, 1992, at Jackson). However, this Court found that the record did not conclusively show that petitioner was not entitled to relief on the 1973 guilty pleas. Id. The Court remanded for an evidentiary hearing on the 1973 pleas. Id.

Evidentiary hearings were held. The trial court, pursuant to Blankenship v. State, 858 S.W.2d 897 (Tenn. 1993), and State v. Neal, 810 S.W.2d 131 (Tenn.

2

1991), found that the 1973 guilty plea proceedings substantially complied with requirements set forth in <u>Boykin</u>. Therefore, the trial court found that the alleged omission of warnings concerning petitioner's right against self-incrimination was harmless error, at best. From this ruling, petitioner brings this appeal.

## STANDARD FOR REVIEW

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. <u>Butler v. State</u>, 789 S.W.2d 898, 899-900 (Tenn. 1990); <u>Adkins v. State</u>, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1994). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. <u>Dixon v. State</u>, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. <u>Massey v. State</u>, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); <u>Black v. State</u>, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. <u>Black v. State</u>, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. <u>Id</u>.

## ENHANCEMENT POTENTIAL

Petitioner claims that his 1973 guilty pleas are invalid because the trial judge did not inform him that the pleas could later be used against him to enhance punishment on subsequent convictions. The alleged failure of the trial court, upon accepting petitioner's pleas of guilty to felonies which became predicate offenses for the habitual criminal conviction, to advise the petitioner that these convictions might be used to enhance punishment imposed in any future proceedings is not a constitutional issue and cannot be considered in a post-conviction proceeding.

3

Coker v. State, 911 S.W.2d 357, 363 (Tenn. Crim. App. 1995); Housler v. State, 749 S.W.2d 758, 760 (Tenn. Crim. App. 1988); State v. Evans, 669 S.W.2d 708, 713 (Tenn. Crim. App. 1984). This issue is without merit.

## RIGHT AGAINST SELF-INCRIMINATION

Petitioner insists that the 1973 guilty pleas are void pursuant to Boykin v. Alabama because the trial judge did not inform him of his right against self-incrimination when the pleas were entered. In Boykin, the United States Supreme Court held it to be reversible error for a trial judge to accept a plea of guilty without first determining on the record if the defendant has voluntarily and understandingly waived his constitutional rights. 395 U.S. at 244, 89 S.Ct. at 1712-13. The federal constitutional rights that are implicated when a guilty plea is entered in a state criminal trial are the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. 395 U.S. at 243, 89 S.Ct. at 1712.

However, "Boykin does not require separate enumeration of each right waived and separate waivers as to each [right]." Fontaine v. United States, 526 F.2d 514, 516 (6th Cir. 1975), *cert. denied*, 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d 743 (1976); Blankenship v. State, 858 S.W.2d at 904. What is required by Boykin is that "no guilty plea be accepted without an affirmative showing that it was intelligent and voluntary." Id. In order to determine if a guilty plea is voluntary and intelligent, the court must look to several factors, including:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d at 904 (citing Caudill v. Jago, 747 F.2d 1046, 1052 (6th Cir. 1984)). More specifically, the record must show "substantial compliance" with the Boykin mandate. Id. at 905; State v. Neal, 810 S.W.2d at 134.

In the order dismissing the petition for post-conviction relief, the trial court

4

found that the guilty plea was in substantial compliance with <u>Boykin</u>. The court concluded that even without a specific warning of the right against compulsory self-incrimination, the guilty pleas were otherwise voluntarily and intelligently entered. The trial court further found that any omission of an explicit warning concerning the right against self-incrimination was, at most, harmless. In so concluding, the trial court found:

> [p]etitioner's testimony and <u>pro se</u> brief reflect intelligence and understanding. He has made no claims, and the record in no way indicates, that he was incompetent or mentally impaired at the time in question. Petitioner was experienced and familiar with the criminal justice system. He was represented by experienced counsel and had adequate opportunity to discuss his options. The record indicates extensive advice by court and counsel: (1) Petitioner had three public defenders over the life of the proceedings; (2) the acknowledgments of rights in the signed petition of waiver of jury trial and acceptance of guilty plea; (3) Mr. Gwinn's statements about his general policy, as well as those of Judge Faquin's;[1] and (4) the assertions in Judge Faquin's order that Petitioner had been fully advised and understood what he willingly waived. Petitioner's decision to accept sentencing recommendations on eight felonies, among them concurrent three (3) year sentences on multiple charges of assault with intent to murder, rather than going to trial, certainly represents a voluntary and intelligent choice of action.

Each of these findings is adequately supported by the record.

Although it is impossible to ascertain with certainty whether or not the trial judge or petitioner's attorney informed petitioner in 1973 of his right against compulsory self-incrimination,[2] we conclude that the trial court did not err in finding that the 1973 guilty pleas were otherwise intelligent, voluntary, and in substantial compliance with <u>Boykin</u>. This issue is without merit.

## CONCLUSION

Petitioner's claim that his 1973 guilty pleas are invalid because of the trial

---

[1] Walker Gwinn was petitioner's attorney at the time the guilty pleas were taken in Judge Arthur Faquin's court in 1973. Gwinn testified that it was his usual policy to advise his clients of their right against self-incrimination whenever there was a possibility of going to trial. He also testified that at the time the guilty pleas were entered, Judge Faquin was adhering to the standards set forth in <u>Boykin</u>.

[2] Apparently, no transcript of the guilty plea proceeding was available due to the lapse of time between the guilty pleas and the filing of the post-conviction petition.

judge's failure to advise him of the enhancement potential for subsequent convictions is not a proper issue in a post-conviction proceeding. Furthermore, the trial court's finding that the 1973 guilty pleas were intelligent, voluntary, and in substantial compliance with <u>Boykin</u> is clearly supported by the record. Accordingly, the judgment of the trial court is affirmed.


_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**JOE B. JONES, PRESIDING JUDGE**


_____
**DAVID H. WELLES, JUDGE**

6