# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1997 SESSION



FILED

May 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| PAUL R. MORRIS, | ) | C.C.A. No. 03C01-9603-CC-00121 |
| | ) | GREENE COUNTY |
| Appellant, | ) | |
| | ) | Hon. James E. Beckner, Judge |
| VS. | ) | |
| | ) | (POST-CONVICTION) |
| STATE OF TENNESSEE | ) | No. 96CR047 BELOW |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

DAVID B. HILL
301 E. Broadway
Newport, TN 37821

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

JANIS L. TURNER
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

C. BERKELEY BELL, JR.
District Attorney General
109 S. Main Street
Suite 501
Greeneville, TN 37743

OPINION FILED:_____

AFFIRMED

CORNELIA A. CLARK,
Special Judge

## OPINION

In January 1967, appellant pled guilty in Greene County to the offenses of burglary and grand larceny. He was sentenced to three years on each count. The sentences were ordered to run concurrently to one another. No appeal was taken. On June 12, 1990, in the United States District Court for the Eastern District of Tennessee, the appellant was convicted by a jury of (1) using a federal communications device in the attempt to possess and distribute a Schedule II controlled substance (cocaine hydrochloride) in violation of Title 21, U.S.C. §846; (2) possession of a Schedule II controlled substance (cocaine hydrochloride) in violation of Title 21, U.S.C. §§841(a)(1), 841(b)(1)(B), and 846; and (3) possession of a firearm after having been convicted of a felony offense punishable by a term of one or more years imprisonment in violation of Title 18, U.S.C. §922(b)(1). The petitioner was sentenced to an effective sentence of one hundred eighty (180) months for the various federal offenses. The sentences were enhanced because of the 1967 Greene County convictions.

On January 25, 1996, appellant filed a petition for post-conviction relief alleging ineffective assistance of counsel at time his pleas were entered, in that he was not advised of his right against self-incrimination and his right to confront and cross-examine his accusers. On February 8, 1996, the trial court dismissed the petition based on the expiration of the statute of limitations. We affirm the judgment of the trial court.

Prior to the enactment of the 1995 Post-Conviction Procedure Act, such petitions had to be filed within (a) three years of the date of the final action of the highest state appellate court to which an appeal was taken, or (b) three years from July 1, 1986, the effective date of the last statute. T.C.A. §40-30-102 (repealed by 1995 Tenn. Pub. Act 207, Section 1); State v. Mullins, 767 S.W.2d 668, 669 (Tenn. Crim. App. 1988). Accordingly, petitioner's three year statute of limitations for matters pertaining to his 1967 convictions expired on July 1, 1989.

2

The 1995 Post-Conviction Procedure Act, T.C.A. §40-30-201 et. seq. (Supp. 1996) applies to all post-conviction petitions filed after May 10, 1995. See 1995 Tenn. Pub. Act 207, Section 3. The new legislation provides, in pertinent part, that ". . . notwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part". Compiler's Notes to T.C.A. §40-30-201 (Supp. 1996). At issue is whether this new legislation revives a petitioner's right to seek relief when the prior statute of limitations expired before the effective date of the new legislation.

In Arnold Carter v. State, No. 03C01-9509-CC-00270 (Tenn. Crim. App., Knoxville, July 11, 1996) this court held that the new act did provide such a new one year window in which any petitioner could seek post-conviction relief even if that petition had previously been barred by the statute of limitations. Judge David Welles filed a strong dissenting opinion. The reasoning of that dissent ultimately has been adopted in every decision since written. See e.g. Johnny Tillman v. State, No. 03C01-9512-CR-00413 (Tenn. Crim. App., Knoxville, February 12, 1997; Doyle Carter v. State, No. 01C01-9511-CC-00398 (Tenn. Crim. App., Nashville, February 12, 1997); William Edward Blake v. State, No. 03C01-9603-CR-00110 (Tenn. Crim. App., Knoxville, February 12, 1997); Eric C. Pendleton v. State, No. 01-C-01-9604-CR-00158 (Tenn. Crim. App., Nashville, February 12, 1997); Johnny Butler v. State, No. 02C01-9509-CR-00289 (Tenn. Crim. App., Jackson, December 2, 1996). The new act was not meant to revive previously barred claims.

This appellant has not asserted any grounds for re-opening his petition under T.C.A. §40-30-202(b). Thus, the three-year statute of limitations for petitioner's claims expired July 1, 1989. This claim is now barred.

The appellant also argues that his claim of ineffective assistance of counsel

3

falls within the Burford exception to the statute of limitations.[1]  He claims that the constitutional right to be informed of the enhancement possibilities of a guilty plea was created or became recognized after the statute of limitations for post-conviction relief had expired.  Therefore, he contends that his situation is analogous to Burford and should allow him to file an untimely petition.  We disagree.

Only violations of the United States or the Tennessee Constitution can form the basis for relief in post-conviction cases.  Housler v. State, 749 S.W.2d 758, 761 (Tenn. Crim. App. 1988).  Those rights enumerated in Mackey v. State, 553 S.W.2d 337 (Tenn. 1977),[2] including the right to be informed of the enhancement possibilities of one's plea, are not constitutional in nature.  E.g., State v. Neal, 810 S.W.2d 131, 138 (Tenn. 1991); State v. Prince, 781 S.W.2d 846, 853 (Tenn. 1989).  Therefore, they are inappropriate for post-conviction relief.  Housler, 749 S.W.2d at 761; State v. Newsome, 778 S.W.2d 34, 38 (Tenn. 1989).  This issue is without merit.

We affirm the judgment of the trial court dismissing this petition.

_____
CORNELIA A. CLARK
SPECIAL JUDGE

CONCUR:

---

[1]In Burford v. State, 845 S.W.2d 204 (Tenn. 1992), the Tennessee Supreme Court created an exception to the three year statute of limitations for post-conviction relief.  Those petitions based on constitutional grounds not recognized or not available to petitioners prior to the running of their limitations period are not barred from being filed.

[2]In Mackey, the Tennessee Supreme Court expanded upon the directives provided in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).  In addition to the Boykin litany, the trial judge must apprise defendants of the future enhancement possibilities of their guilty pleas.

_____
JOHN H. PEAY
JUDGE


_____
PAUL G. SUMMERS
JUDGE

# IN THE COURT OF CRIMINAL APPEALS TENNESSEE AT KNOXVILLE

| | | |
|---|---|---|
| PAUL R. MORRIS, | ) | C.C.A. No. 03C01-9603-CC-00121 |
| | ) | GREENE COUNTY |
| Appellant, | ) | |
| | ) | Hon. James E. Beckner, Judge |
| VS. | ) | |
| | ) | (POST-CONVICTION) |
| STATE OF TENNESSEE | ) | No. 96CR047 BELOW |
| | ) | |
| Appellee. | ) | |

## JUDGMENT

Came the appellant, Paul R. Morris, by counsel and also came the attorney general on behalf of the state, and this case was heard on the record on appeal from the Criminal Court of Greene County; and upon consideration thereof, this court is of the opinion that there is no reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Criminal Court of Greene County for execution of the judgment of that court and for collection of costs accrued below.

The appellant appears to be indigent. Costs of this appeal will be paid by the State of Tennessee.

PER CURIAM

John H. Peay, Judge
Paul G. Summers, Judge
Cornelia A. Clark, Special Judge